**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118082

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Ricardo Covarrubia Jr, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Bay Area Credit Service Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

Ricardo Covarrubia Jr, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Bay Area Credit Service Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of Texas.

## PARTIES

5.     Plaintiff Ricardo Covarrubia Jr is an individual who is a citizen of the State of Texas residing in Medina County, Texas.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Bay Area Credit Service Inc., is a Georgia Corporation with a principal place of business in Fulton County, Georgia.

9.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     The alleged Debt does not arise from any business enterprise of Plaintiff.

17.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

2

20.    In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 15, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21.    The Letter conveyed information regarding the alleged Debt.

22.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.    The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24.    The Letter was received and read by Plaintiff.

25.    15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26.    15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27.    The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692f

28.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

30.    15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31.    Defendant maintains a website at www.bayareacredit.com/pay.

32.    Defendant's website provides a payment portal, at www.bayareacredit.com/pay, for consumers to make payments online.

33.    Defendant's website states, "NOTE: Payment Processing Fees using this online payment portal vary by state and creditor; you may or may not be charged the fee depending on your state and creditor. Once you choose "Proceed to Payments" below, if the $5.00 fee is present under the "Payment Summary" section and you do not wish to proceed, you can mail

your payment to the address below without incurring the fee: Bay Area Credit Service P.O. Box 46700 Atlanta, GA 31146."

34.     Such processing fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

35.     Such processing fee is prohibited by 15 U.S.C. § 1692f(1).

36.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

37.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

40.     15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

41.     Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a processing fee.

42.     The least sophisticated consumer would likely be deceived by the processing fee language into believing that Defendant was legally entitled to collect the fee.

43.     The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

44.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e and is liable to Plaintiff therefor.

## THIRD COUNT
### Violations of 15 U.S.C. §§ 1692g and 1692e

45.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

47.     15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

48.     There is no requirement that the consumer dispute the debt in writing.

49.     The debt collector has the obligation to provide validation and cannot advise the Plaintiff to contact the Creditor for disputing the debt.

50.     It is a violation of the FDCPA to require disputes be made in writing.

51.     It is a violation of the FDCPA to require disputes be made directly to the Creditor.

52.     It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

53.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

54.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

55.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

56.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

57.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made to the creditor.

58.     The Letter states in the coupon, "**PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE TO THE ADDRESS BELOW:**"

59.     Disputes need not be in writing.

60.     Disputes may be made orally.

61.     The debt collector cannot direct the consumers to lodge their disputes with the creditor.

62.     The language directing all correspondence be mailed to the creditor's address, overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

63.     The language directing all correspondence be mailed to the creditor's address, contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

64.     The language directing all correspondence be mailed to the creditor's address, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

65.     The language directing all correspondence be mailed to the creditor's address, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

66.     The language directing all correspondence be mailed to the creditor's address, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing and sent to the stated address.

67.     Defendants have violated § 1692g, as the language directing all correspondence be mailed to the creditor's address overshadows the information required to be provided by that Section.

68.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

70.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

71.     The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

72.     The language directing all correspondence be mailed to the creditor's address could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing and sent to the stated address.

6

73.     Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

74.     The least sophisticated consumer would likely be deceived by the language directing all correspondence be mailed to the creditor's address.

75.     The least sophisticated consumer would likely be deceived in a material way by language directing all correspondence be mailed to the creditor's address.

76.     The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the Letter or dispute the debt.

77.     Defendants have violated § 1692e by using a false, deceptive, and misleading representation in its attempt to collect a debt.

78.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g and 1692e and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

79.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Texas.

80.     Plaintiff seeks to certify two classes of:

> i. All consumers from whom Defendant attempted to collect an unlawful processing fee on or after a date one year prior to the filing of this action to the present.

> ii. All consumers to whom Defendant sent a collection letter directing the consumer to mail their dispute to an address, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present

81.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

82.     The Class consists of more than thirty-five persons.

83.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

84.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

85.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

86.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.  Finding Defendant's actions violate the FDCPA; and

d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Granting Plaintiff's costs; all together with

g.  Such other relief that the Court determines is just and proper.

DATED: March 16, 2020

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118082

